**In re Petition of Ronald G. CONNOLLY, M.D.**

Supreme Court of Delaware.
Submitted: June 5, 1986.
Decided: June 12, 1986.

Ronald G. Connolly, M.D., pro se.

Before CHRISTIE, C.J., HORSEY, MOORE and WALSH, JJ.

PER CURIAM.

Dr. Ronald G. Connolly has filed a voluminous petition in this Court purporting to be a complaint (the petition) against the Board on Professional Responsibility, various members thereof (collectively, the Board), Disciplinary Counsel, an Assistant Disciplinary Counsel, and another member of the Bar who acted as counsel to a doctor sued by Dr. Connolly in the Superior Court. The thrust of the petition is that Disciplinary Counsel and Assistant Disciplinary Counsel acted improperly in handling Dr. Connolly's charges of professional misconduct against a member of the Bar of this Court, and that the Board failed to act in a manner consistent with its duties. For the reasons hereafter assigned, Dr. Connolly's petition will be dismissed.

By way of background, on March 5, 1985 Dr. Connolly filed a formal complaint (the complaint) with Disciplinary Counsel charging a member of the Bar with professional misconduct. The lawyer in question was opposing counsel in a lawsuit brought by Dr. Connolly. Under Rule 9(a) of the Rules of the Board a complaint alleging lawyer misconduct shall first be evaluated by Disciplinary Counsel, or an Assistant Disciplinary Counsel, and even if the allegations are true, but do not constitute misconduct, the matter shall be dismissed.[1]

Dr. Connolly's charges, that the complaint was mishandled by the Board and its agents, stem from an unfortunate and imprecise use of terminology in the processing of that document. Because of a conflict arising from her former association with a Wilmington law firm, Disciplinary Counsel was unable to perform the initial evaluation or screening function required by Board Rules 3(b)(1) and 9(a). Those rules provide in pertinent part:

3(b) **Powers and Duties.** Counsel shall have the following powers and duties: (1) Screen all information coming to the attention of the Board relating to conduct by a lawyer;

9(a) **Screening.** Counsel shall evaluate all information coming to his attention by complaint or otherwise alleging lawyer misconduct or incapacity ... *If the allegations, if true, would not constitute misconduct or incapacity, the matter shall be dismissed.* If the lawyer is subject to the jurisdiction of the court and the information alleges facts which, if true, would constitute misconduct or incapacity, counsel shall initiate an investigation. (Emphasis added)

Pursuant to the administrative powers conferred on the Board's Chairman under Board Rule 1(c)(8), the matter was referred to an Assistant Disciplinary Counsel, who thereafter concluded that based on undisputed facts, or facts he assumed to be true, there was no misconduct on the part of the lawyer in question. Accordingly, he recommended that all complaints against the lawyer be dismissed.

Unfortunately, Disciplinary Counsel's referral of the matter for screening did not employ the precise terminology of Rule 9(a). Instead, she termed it a "preliminary" investigation, and Assistant Disciplinary Counsel also used this term in his correspondence with Dr. Connolly. In fact, there is no such procedure as a "preliminary investigation".

Rules 3(b)(1) and 9(a) make clear that the first step is evaluation or screening by Disciplinary Counsel. Here, that function was properly delegated to an assistant, and dismissal of the complaint was required if the allegations, taken as true, did *not* constitute misconduct. Moreover, Rule 9(a) clearly states that a second step "investigation" occurs only when the facts, if true, *would constitute* misconduct.[2]

---

1. The Board's Rules are adopted and promulgated by the Supreme Court.

2. *Id.* This also is underscored by Board Rule 3(b)(2) which requires Disciplinary Counsel to "[i]nvestigate all information coming to the at-

Later, another confusing and incorrect use of terminology occurred. Although the Assistant Disciplinary Counsel's report stated that the pertinent facts were undisputed, or taken as true did not constitute misconduct, the report erroneously recommended dismissal pursuant to "Rule 9(b)".[3] Despite this misnomer, it is readily apparent from the record filed by Dr. Connolly that the substance of the action taken was pursuant to the screening and evaluation provisions of Rules 3(b)(1) and 9(a). Given the nature of the Assistant Disciplinary Counsel's role here—to act in Disciplinary Counsel's stead due to her disqualification—he could not enlarge his function by an erroneous reference to Rule 9(b). Furthermore, when viewed substantively, it is apparent that he did not attempt to exceed his duties under Rules 3(b)(1) and 9(a).

In light of the findings of Assistant Disciplinary Counsel, that the facts taken as true *did not* constitute misconduct, no "investigation" under Rules 3(b)(2) or 9(b) occurred or would have been appropriate. Thus, neither the complaint nor the recommendation of dismissal were given a Rule 9(b) review by a panel of the Preliminary Review Committee.[4] The matter was formally dismissed pursuant to a letter of Disciplinary Counsel dated June 4, 1985.

Over a year after his complaint was dismissed, Dr. Connolly now attempts to invoke Board Rule 15(j), which provides:

"Complaints against members of the Board shall be submitted directly to the Court. Complaints against Preliminary Review Committee members or counsel shall be submitted directly to the Board."

Dr. Connolly insists that the Board and its agents acted improperly by ignoring Rule 9(b). As we have noted, the imprecise terminology employed in disposing of the complaint is the principal source of this confusion. However, Dr. Connolly has long been on notice that this in fact was a Rule 9(a) disposition. Thus, in a response to Dr. Connolly, Disciplinary Counsel wrote him on January 17, 1986:

"At the direction of the Chairman of the Board, I referred your complaint to ... an assistant disciplinary counsel.

\* \* \* \* \* \*

As I have told you previously also, [the] reference in the report to Rule 9(b) was erroneous. The facts alleged did not constitute misconduct, therefore, your complaint was not reviewed by a panel of the Preliminary Review Committee."

In the same letter, Dr. Connolly was specifically told that disposition of the matter was pursuant to Rule 9(a). Thereafter, the Chairman of the Board advised Dr. Connolly by letter dated January 23, 1986 that he was satisfied the "complaint had been processed in accordance with the Rules of the Board".

 In our opinion this matter was concluded by formal dismissal of Dr. Connolly's complaint on June 4, 1985. There is no provision for an appeal of that determination. Board Rule 15(j) is intended to provide a procedure for the filing of a Petition to Discipline against a member of the Board based upon an alleged violation of the Delaware Lawyers Rules of Profes-

---

tention of the agency which, if true, would be grounds for discipline".

3. That Rule provides:
 B. *Investigation.* All investigations shall be conducted by counsel or by assistant disciplinary counsel under his supervision. Upon the conclusion of an investigation, counsel may recommend dismissal, probation, admonition, the filing of formal charges, petition for transfer to disability, inactive status, or a stay.

No disposition adverse to the respondent shall be recommended or undertaken by counsel until the respondent shall have been notified and given an opportunity to respond.
 Counsel's recommended disposition shall be reviewed by the panel of the preliminary review committee selected in order from the roster established by the board. The panel may approve, disapprove or modify the recommendation. Board Rule 9B.

4. *Id.*

sional Conduct. It was not intended as a means by which a person could file a complaint in the Supreme Court against members of the Board when he is dissatisfied with the decision of the Disciplinary Counsel or the Preliminary Review Committee or a decision by the Board on the merits when a Petition to Discipline has been filed.

This interpretation is consistent with Board Rule 10(a), which provides in pertinent part:

"Members of the Board, members of the Preliminary Review Committee, counsel, Assistant Disciplinary Counsel and staff shall be immune from suit for any conduct in the course of their official duties."

██ Dr. Connolly is again attempting to litigate the complaints that he has made against a member of the Bar of this Court, which were carefully evaluated and screened, found to be without merit, and properly dismissed. The immunity provided by Board Rule 10(a) applies here. There is no provision in the Rules of this Court or the Board for the filing of a complaint against the Board, its Preliminary Review Committee, Disciplinary Counsel, or Assistant Disciplinary Counsel whenever a party is dissatisfied with the dismissal of a complaint.

To the extent Dr. Connolly seeks to invoke our supervisory powers over the Bar to review an alleged failure of the Board to comply with its rules, we are satisfied that there was no impropriety whatever by the Board, Disciplinary Counsel or Assistant Disciplinary Counsel. The record filed by Dr. Connolly with the petition fully supports this conclusion. Accordingly, we decline to exercise our supervisory powers in this case.

The action taken in this matter was final on June 4, 1985, and it will not be reopened. The petition is DISMISSED.