IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN RE RICHARD L. ABBOTT, ESQUIRE, A member of the Delaware Bar. § § § § Misc. No. 539

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

*PER CURIAM*

## ORDER

Richard L. Abbott, Esquire, a member of the Delaware Bar, is the subject of multiple ethics charges in a disciplinary proceeding before the Board on Professional Responsibility ("BPR").[1] The charges originate from Abbott's involvement in a Court of Chancery action captioned *Seabreeze Homeowners Assoc., Inc. v. Jenney*, C.A. No. 8635 (Del. Ch.). In the course of that litigation, Vice Chancellor Glasscock referred Abbott to the Office of Disciplinary Counsel ("ODC").

Since that referral in June 2015, Abbott has filed the following complaints or actions relating to his disciplinary proceeding:

---

[1] Abbott has disclosed aspects of the disciplinary proceeding in public filings. *See, e.g., Abbott v. Mette*, C.A. No. 20-131 (D. Del.); *Abbott v. Del. State Public Integrity Comm'n*, C.A. No. N16A-09-009 (Del. Super. Ct.).

(i) A complaint in the Court on the Judiciary against Vice Chancellor Glasscock that was dismissed by that Court.[2]

(ii) A complaint in the Superior Court for review of the Public Integrity Commission's ("PIC") dismissal of his complaint against a former Chief Disciplinary Counsel prosecuting the disciplinary action[3] and an appeal of the Superior Court's decision to this Court.[4] The Superior Court affirmed the PIC's decision,[5] and we affirmed on appeal.[6]

(iii) A lawsuit in the United States District Court for the District of Delaware naming as defendants the Justices of this Court and present and former ODC attorneys responsible for prosecuting the disciplinary proceeding against him[7] and an appeal of the district court's dismissal decision to the United States Court of Appeals for the Third Circuit.[8]

---

[2] *See Abbott v. Del. State Public Integrity Comm'n*, No. 155, 2018 (Del. Feb. 25, 2019) (referring to Court on the Judiciary order dismissing Abbott's complaint against Vice Chancellor Glasscock).

[3] *Abbott v. Del. State Public Integrity Comm'n*, C.A. No. N16A-09-009.

[4] *Abbott v. Del. State Public Integrity Comm'n*, No. 155, 2018.

[5] *Abbott v. Del. State Public Integrity Comm'n*, 2018 WL 1110852 (Del. Super. Ct. Feb. 28, 2018).

[6] *Abbott v. Del. State Public Integrity Comm'n*, 2019 WL 937184 (Del. Feb. 25, 2019).

[7] *Abbott v. Mette*, C.A. No. 20-131 (D. Del.).

[8] *Abbott v. Mette*, No. 21-1804 (3d Cir.).

(iv)     A complaint and motion for a temporary restraining order in the Court of Chancery naming as defendants the Justices of this Court and the ODC attorneys currently responsible for prosecuting the disciplinary proceeding against him.[9]

(v)     Complaints with ODC against present and former ODC attorneys responsible for prosecuting the disciplinary proceeding against him.[10]

In the exercise of our exclusive authority to supervise and discipline members of the Delaware Bar,[11] and to protect the effective functioning of the disciplinary process, on this 18th day of May, 2021, the Court **ORDERS** as follows:

(1)     All disciplinary complaints filed by Abbott against present or former ODC attorneys are stayed pending the final disposition by the BPR and this Court of the pending disciplinary charges against Abbott.  ODC attorneys shall continue to prosecute the pending disciplinary action against Abbott, and the current BPR Panel assigned to consider the charges against Abbott shall continue to hear the action and make a recommendation to the Court.  Any objections to the conduct of the ODC attorneys or the BPR Panel, or their continued participation in the

---

[9] *Abbott v. Vavala*, C.A. No. 2021-0409 (Del. Ch.).

[10] Under Disciplinary Rule of Procedure 15(j), these complaints are referred to the Court.

[11] *In re Abbott*, 925 A.2d 482, 484 (Del. 2007) ("This Court has the 'inherent and exclusive authority to discipline members of the Delaware Bar.'") (*quoting In re Froelich*, 838 A.2d 1117, 1120 (Del. 2003); *In re Connolly*, 510 A.2d 484, 487 (Del. 1986) (recognizing the Supreme Court's "supervisory powers over the Bar")).

disciplinary proceedings will be considered by the Court upon review of the Panel's recommendation.

(2)     As of the date of this Order, Abbott is enjoined from serving or filing any new complaints or actions in state court or with the Court on the Judiciary, ODC, or any state administrative board, arising out of or relating to the pending disciplinary proceeding against him.

(3)     This is a Court Order.  Any violation of this order will be punishable by contempt of court and other sanctions as warranted by the violation.